IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN IVY,<br><br>        Petitioner,<br><br>  vs.<br><br>JEFFREY WRIGLEY, et al.,<br><br>        Respondents.<br>_____/ | CASE NO. CV F 07-00801 LJO WMW HC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT; DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY** |

      On June 1, 2007, John Ivy ("Petitioner"), a *pro se* federal prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") in this Court.[1] At the time of filing the Petition, Petitioner was incarcerated at the Taft Correctional Institution in Kern County, located within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b).[2] On January 15, 2008, Jeffrey Wrigley ("Respondent") filed an Answer to the Petition. On May 27, 2008, Petitioner filed a Traverse. Thus, this matter is ready for decision.

**PROCEDURAL HISTORY**

      In 1993, a federal grand jury in the United States District Court for the Eastern District of Missouri returned a fifteen-count indictment charging Petitioner and twelve others with conducting an illegal drug organization. *See Ivy v. Pontesso*, 328 F.3d 1057, 1058 (9th Cir. 2003). Petitioner was charged in Counts 1, 2, 3, 5, and 14. *Id.* Count 5, which is the subject of the present Petition, charged Petitioner with engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(a).[3]

---

    [1] Although petitions for habeas corpus relief are routinely referred to a Magistrate Judge, *see* L.R. 72-302, the Court exercises its discretion to address the Petition pursuant to Local Rule 72-302(d).

    [2] Petitioner is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey. (*See* Doc. 16.)

    [3] A person is guilty of engaging in a CCE if he commits a "continuing series of violations" of federal narcotics laws. 21 U.S.C. § 848(c) (1994); *Ivy v. Pontesso*, 328 F.3d at 1058. A "continuing series of violations" is three or more violations of Title 21. *Id.*; *see United States v. Garcia*, 988 F.2d 965, 967 (9th Cir. 1993). The indictment listed Counts 1, 2, and 3 as the "continuing series of violations" supporting the CCE charge. *Ivy v. Pontesso*, 328 F.3d at 1058.

Counts 1 through 3 and 14 were dismissed, but Petitioner pled guilty to Count 5 and was sentenced to 262 months imprisonment and five years supervised release. *See United States v. Ivy*, 45 F.3d 254, 257 (8th Cir. 1995); (Pet'r's Mem. Ex. B).

Petitioner challenged his conviction several times. Petitioner appealed for the first time in 1995, claiming that the sentencing court miscalculated his criminal history category. This appeal was unsuccessful. *See United States v. Ivy*, 45 F.3d at 257. Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in 1995, claiming that his CCE conviction violated double jeopardy because of a prior civil forfeiture order. The district court denied his motion and the Eighth Circuit affirmed. *See Ivy v. United States*, 82 F.3d 421, 1996 WL 170456, at *1 (8th Cir. Apr. 12, 1996) (per curiam).

Petitioner filed two more § 2255 motions in 1997 and 1999, respectively. Both were denied as "second or successive" petitions under the newly-enacted Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *Ivy v. Pontesso*, 328 F.3d at 1059. On March 10, 2000, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Arizona, the district in which he was then incarcerated. *Id.* The district court dismissed the petition, holding that because Petitioner had not shown § 2255's remedy to be "inadequate or ineffective," he was not entitled to invoke that court's jurisdiction under § 2241. *Id.* The Ninth Circuit affirmed the dismissal, but then withdrew its memorandum disposition after Petitioner filed a petition for rehearing in which he claimed that he was "legally innocent" of the CCE charge. *Id.* The Ninth Circuit subsequently reaffirmed the dismissal of the habeas petition. *Id.*

## DISCUSSION

Although Petitioner pled guilty to Count 5, he now claims that he is actually innocent because the indictment against him did not charge the requisite three violations of Title 21. (Pet'r's Mem. 7); *see supra* note 3. While Counts 1 and 2 charged violations of Title 21,[4] Count 3 charged a violation of

---

[4] Count 1 charged Petitioner with conspiracy to possess and distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a) and (b), and listed forty-seven overt acts in furtherance of that conspiracy. *Ivy v. Pontesso*, 328 F.3d at 1059 n.2. Count 2 charged Petitioner with possession of crack cocaine in violation of 21 U.S.C. §§ 841(a) and (b). *Id.*

2

1  Title 18.[5] *Ivy v. Pontesso*, 328 F.3d at 1058.  Thus, Petitioner claims, the indictment was defective and
2  he is legally innocent of the CCE charge.  Petitioner argues that this Court has jurisdiction over the
3  instant § 2241 petition pursuant to the "savings clause" of 28 U.S.C. § 2255.  (Pet'r's Mem. 6.)
4        In the alternative, Petitioner argues that the AEDPA is unconstitutional to the extent that it
5  precludes Petitioner from raising his claim of actual innocence pursuant to § 2255.  (Pet'r's Mem. 9-10.)

6        **Jurisdiction over the Petition**

7        A federal court may not entertain an action over which it has no jurisdiction.  *Hernandez v.*
8  *Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam).  Motions contesting the legality of a federal
9  conviction or sentence must be filed pursuant to 28 U.S.C. § 2255 in the sentencing court (here, the
10 Eastern District of Missouri).  *Id.* at 864; *see* 28 U.S.C. § 2255(a).  In contrast, challenges to the manner,
11 location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the
12 custodial court (here, the Eastern District of California).  *Hernandez*, 204 F.3d at 864.[6]  Therefore, the
13 Court must first decide whether jurisdiction is proper, i.e., whether the Petition should be considered to
14 have been filed pursuant to § 2241 or § 2255, before it can reach the merits of Petitioner's claims.  *See*
15 *id.* at 865-66; *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (*citing Hernandez*, 204
16 F.3d at 864), *cert. denied*, 127 S. Ct. 1896 (2007).

17       Though filed as a § 2241 habeas petition, the instant Petition actually challenges the legality of
18 Petitioner's conviction.  Accordingly, if any relief exists with respect to Petitioner's claim, it is under
19 § 2255 and not through habeas relief pursuant to § 2241.  *See Hernandez*, 204 F.3d at 864.  Petitioner
20 avers, however, that the provision in § 2255 referred to as the "savings clause" allows him to bring his
21 claim under § 2241.  (*See* Pet'r's Mem. 6.)

22       As addressed *infra*, if the Petition falls under the "savings clause" and therefore qualifies as a
23 § 2241 petition, then only the Eastern District of California, designated as the custodial court, has

---

[5]  Count 3 charged Petitioner with using and carrying a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c).  *Ivy. Pontesso*, 328 F.3d at 1059 n.3.

[6]  Although Petitioner is now incarcerated in the District of New Jersey (*see* Doc. 16), Petitioner properly named his immediate custodian and filed in the custodial judicial district, the Eastern District of California, at the time of filing.  *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

jurisdiction over the Petition. *Hernandez*, 204 F.3d at 865. If, however, the savings clause does not apply, then the Petition must be construed as a motion under § 2255, and jurisdiction lies only in the sentencing court, the Eastern District of Missouri. *Id.* At the outset, the Court concludes that the savings clause is not applicable to the instant Petition.

Savings Clause of 28 U.S.C. § 2255

A federal prisoner authorized to seek relief under § 2255 may not petition for habeas relief pursuant to § 2241 unless it appears that the § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). This provision of § 2255 is known as the "savings clause." *Hernandez*, 204 F.3d at 864 n.2. The burden of proving the inadequacy or ineffectiveness of a remedy under § 2255 rests on the habeas petitioner. *Toma v. Turnage*, 825 F.2d 1400, 1404 (9th Cir. 1987).

The Ninth Circuit has recognized that the remedy under a § 2255 motion is "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. *Ivy v. Pontesso*, 328 F.3d at 1060-61. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted; and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." *Id.* at 1060. "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until *after* a federal court decision." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir.) (citation omitted and emphasis added), *cert. denied*, 129 S. Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Id.* (*citing Ivy*, 328 F.3d at 1060-61).

Here, Petitioner fails to show that a remedy under § 2255 is "inadequate or ineffective." As stated by the Ninth Circuit in affirming the denial of Petitioner's District of Arizona habeas petition, Petitioner does not show he never had an "unobstructed procedural shot" at presenting his claim:

> [T]he law was clear at the time of [Petitioner's] indictment, trial and direct appeal that a CCE charge required three predicate violations of Title 21. It is simply not true, therefore, that the legal basis for his present petition did not arise until after he had

4

exhausted his direct appeal and first § 2255 motion. *Ivy v. Pontesso*, 328 F.3d at 1061 (citations omitted). In addition, Petitioner has not shown that "the law changed in any way relevant to [his] claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (internal quotation marks omitted). Because Petitioner has not been denied an unobstructed procedural opportunity to present his claim, the Court need not address Petitioner's claim of actual innocence. *See Ivy v. Pontesso*, 328 F.3d at 1061.

Accordingly, and for the foregoing reasons, the savings clause of 28 U.S.C. § 2255 does not apply and the Petition is properly construed as a § 2255 motion. Section 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); *Hernandez*, 204 F.3d at 864-65. Because this Court is only the custodial court and construes the Petition as a § 2255 motion, this Court lacks jurisdiction over the Petition. *Hernandez*, 204 F.3d at 864-85.[7]

## Dismissal or Transfer of the Petition

Title 28 U.S.C. § 1631 governs the transfer of civil actions to cure jurisdictional defects, and is the proper statute the Court must utilize for lack of jurisdiction over a habeas petition. *See Hernandez*, 204 F.3d at 865 n.6. Transfer is appropriate under § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001). The Court must decide whether the Petition should be dismissed or transferred to the sentencing court, the Eastern District of Missouri.

As discussed, the transferring court, the Eastern District of California, lacks jurisdiction over the Petition. However, the transferee court, the Eastern District of Missouri, would also not have had jurisdiction if the Petition was filed in that court on June 1, 2007. This is because a petitioner must obtain authorization from the appropriate court of appeals before filing a "second or successive" § 2255 motion in the district court, and lack of authorization deprives the district court of jurisdiction. *See* 28 U.S.C. §§ 2244(a), (b)(3), 2255(h); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam); *Cooper*

---

[7] Because the Court lacks jurisdiction over the Petition, it does not reach Petitioner's alternative argument that the AEDPA is unconstitutional. (*See* Pet'r's Mem. 9-10.)

5

*v. Calderon*, 274 F.3d 1270, 1274-75 (9th Cir. 2001).[8]

Here, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in 1995, which the Eastern District of Missouri denied and the Eighth Circuit affirmed. *See Ivy v. United States*, 82 F.3d 421, 1996 WL 170456, at *1. Petitioner filed two more § 2255 motions in 1997 and 1999, respectively. Both were denied as "second or successive" petitions. *Ivy v. Pontesso*, 328 F.3d at 1059. The District of Arizona then denied Petitioner's subsequent § 2255 motion masquerading as a § 2241 petition. *Id.* Because the instant Petition is second or successive to the previous § 2255 motions, Petitioner was required to move in the appropriate court of appeals for an order authorizing the district court to consider his Petition. *See* 28 U.S.C. 2255(h); *Burton*, 549 U.S. at 153; *United States v. Lopez*, 534 F.3d 1027, 1033 (9th Cir. 2008), *reh'g granted on other grounds*, No. 07-35389, 2008 WL 5000037 (Oct. 30, 2008); *Harrison*, 519 F.3d at 961-62. In light of Petitioner's failure to get appellate authorization, the Eastern District of Missouri lacked jurisdiction at the time Petitioner filed the instant Petition in this Court. *Burton*, 549 U.S. at 152; *Cooper*, 274 F.3d at 1274-75.

Finally, a transfer of the Petition would not be in the interest of justice. *Cruz-Aguilera*, 245 F.3d at 1074. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Id.* (citation and internal quotation marks omitted). Here, the Petition cannot be "brought elsewhere" because the Eastern District of Missouri does not have jurisdiction.

Accordingly, and for the foregoing reasons, the Petition is dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2255; *Hernandez*, 204 F.3d at 865.

///

## Certificate of Appealability

"Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 petition, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." *Harrison*, 519 F.3d at 958 (*citing Porter v. Adams*, 244 F.3d 1006, 1006-07 (9th Cir. 2001)). An applicant seeking to appeal a district court's dismissal of a motion under 28 U.S.C. § 2255 must first

---

[8] Because Petitioner brings a disguised § 2255 motion instead of a legitimate § 2241 petition, the second or successive bar applies. *See Harrison*, 519 F.3d at 961-62.

obtain a certificate of appealability ("COA") from a district judge or circuit judge. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A judge should either grant the COA or state reasons why it should not issue, and the COA request should be decided by a district court in the first instance. Fed. R. App. P. 22(b)(1); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

The applicant for a COA must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A "substantial showing" is defined as a demonstration (1) that the issues are debatable among jurists of reason; (2) that a court could resolve the issues differently; or (3) that issues are adequate to deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see Slack*, 529 U.S. at 483-84 (stating that except for substituting the word "constitutional" for the word "federal," § 2253 codified the pre-AEDPA standard announced in *Barefoot v. Estelle*).

When, as present here, the "district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Section 2253 mandates that both showings be made . . . and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

The Court has reviewed the record of this case and finds that reasonable jurists would not find the Court's procedural ruling debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court DENIES the Petition for Writ of Habeas Corpus and DECLINES the issuance of a certificate of appealability. The Clerk of Court is ORDERED to enter Judgment for Respondent and to close Case No. CV F 07-00801 LJO WMW HC. IT IS SO ORDERED.

**Dated:   February 13, 2009**                   /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE